## SKELTON *v.* THE STATE OF INDIANA.

[No. 21,487.   Filed November 23, 1909.   Rehearing denied February 18,  1910.]

1. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.—Wholesalers.—Sales to Consumers.—Licensed "According to" Law.*— An affidavit charging that defendant at a certain time and place, did then and there unlawfully sell to a certain person six gallons of beer for the sum of $2.50, said defendant then and there not having a license to sell spirituous, vinous or malt liquors "according to" the laws of the State of Indiana, is sufficient, the words "according to" the laws being the practical equivalent of the statutory "under" the laws (§8351 Burns 1908, Acts 1907, p. 689, §1).   pp. 463, 465.

2. INDICTMENT AND INFORMATION.—*Purpose.*—An indictment sufficient to inform the defendant of the nature of the offense preferred, and to enable the court and jury to know what they are to try, and to make a proper record thereof, is legally sufficient. p. 464.

3. INDICTMENT AND INFORMATION.—*Substantially Following Statute.*—An indictment which substantially follows the language of the statute is sufficient.   p. 465.

4. INTOXICATING LIQUORS.—*Wholesalers.—Sales to Consumers.*— A wholesaler, under §8351 Burns 1908, Acts 1907, p. 689, §1, has no right to sell intoxicating liquor, in any quantity, to a consumer.   pp. 465, 467.

5. INTOXICATING LIQUORS.— *Wholesalers.— Licenses by Cities.— Sales to Consumers.*—A wholesaler, licensed as such by a city, to maintain a depot or agency, has no right to sell intoxicating liquor to a consumer, the state law (§8351 Burns 1908, Acts 1907, p. 689, §1) forbidding such sale.   pp. 466, 468.

6. STATUTES.—*Municipal Ordinances.—Conflict.*—A municipal ordinance in violation of a state law is void.   p. 466.

7. PUBLIC POLICY.—*Legislature.—Courts.*—The public policy of the State is determined by the legislature and not by the courts. p. 467.

8. WORDS AND PHRASES.—*"Traffic."*—The word "traffic," as used in §8351 Burns 1908, Acts 1907, p. 689, §1, providing that a wholesaler of liquor shall be construed to mean "a person, firm or corporation whose sole business in connection with the liquor traffic is to sell," etc., imports trade, commerce, exchange or sale, and, therefore, a wholesaler may deal in his own manufactures, as well as those produced by others.   p. 468.

9. INTOXICATING LIQUORS.— *Breweries.— Charters.— Contracts.— Police Power.*—A charter granted to a brewing company to manufacture beer does not give such company a right to the unrestricted sale thereof, the exercise of the police power being inalienable.  p. 468.

From Putnam Circuit Court; *John M. Rawley*, Judge.

Prosecution by The State of Indiana against John Skelton. From a judgment of conviction, defendant appeals. *Affirmed.*

*C. C. Matson* and *Baker & Daniels*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson*, for the State.

MONTGOMERY, J.—Appellant was convicted of selling intoxicating liquor without a license, and has assigned errors upon the overruling of his motions, (1) to quash the affidavit, (2) for a new trial, and (3) in arrest of judgment.

The affidavit charged that at and in the county of Putnam on the 15th day of August, 1908, John Skelton did then and there unlawfully sell to Ed Hillis six gallons of beer for the sum of $2.50, said Skelton then and there not having a license to sell spirituous, vinous or malt liquors according to the laws of the State of Indiana.

The statute upon which the affidavit was founded reads as follows: "That any person not being licensed under the laws of the State of Indiana who shall sell or barter, directly or indirectly, any spirituous, vinous, or malt liquors except as herein provided, or who shall sell or barter, directly or indirectly any spirituous, vinous or malt liquors to be drunk, or suffered to be drunk in his house, outhouse, yard, garden or appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than fifty dollars ($50) nor more than one hundred dollars ($100) for the first offense, and not less than one hundred dollars ($100) nor more than five

hundred dollars ($500), to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months for the second or any subsequent offense. And any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State, or any person who shall be found in possession of such liquors for such purpose shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than fifty dollars ($50) nor more than five hundred dollars ($500), to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months: Provided, that none of the provisions of this act shall apply to any person, firm or corporation engaged as ·a wholesale dealer who does not sell in less quantities than five gallons at a time and provided that none of the provisions of this section shall apply to any druggist or pharmacist who is licensed as such by the state board of pharmacy: Provided, further, that a wholesale dealer as used in this act, shall be construed to mean a person, firm or corporation whose sole business in connection with the liquor traffic is to sell at wholesale to retail dealers licensed by the laws of the State, or to wholesale liquor dealers or to druggists or pharmacists who are licensed as such by the state board of pharmacy." §8351 Burns 1908, Acts 1907, p. 689, §1.

It is insisted that the words of the affidavit not licensed "according to" the laws of the State are not the equivalent of the language of the statute not licensed "under" the laws of the State. The facts constituting an offense must be averred in a criminal pleading with reasonable certainty; that is, with such certainty as to inform the accused of the nature of the offense preferred against him, and to enable the court and jury to understand distinctly what they are to try, and to make the record show for what crime the defendant was put in jeopardy. *Terre*

*Haute Brewing Co.* v. *State* (1907), 169 Ind. 242, and cases cited.

"Words used in the statute to define a public of-
3. fense need not be strictly pursued, but other words conveying the same meaning may be used." §2045 Burns 1908, Acts 1905, p. 584, §174.

The phrases "according to" the laws, and "under" the laws, may not be in every sense synonymous, but their meaning, as used in this connection, is so far identical as
1. fully to meet the requirements of good criminal pleading. Appellant was manifestly charged with having made a particular sale of liquor without license so to do, and the language employed was sufficiently certain to advise him fully of the charge preferred, and to enable him to prepare his defense. It follows that no error was committed in overruling appellant's motions to quash, and in arrest of judgment.

It appears from the evidence that appellant made the sale of beer, as charged, within the city of Greencastle; that the purchaser, Hillis, at the time was not a licensed retail
4. dealer or wholesale dealer in liquors, or a licensed druggist or pharmacist; that appellant was in the employ of the Terre Haute Brewing Company, and made the sale for that company, which then held a city license authorizing it to maintain and conduct a brewery depot or agency within that city.

The precise question presented for decision is the right of a manufacturer or wholesaler to sell intoxicating liquors in quantities of five gallons or over to consumers. The act of 1907, *supra*, makes unlawful any sale or barter of spirituous, vinous or malt liquor, without license from the State, except as therein provided. Druggists and pharmacists, licensed as such by the state board of pharmacy, are excepted from the provisions of the section, and by section two are authorized to sell spirituous and vinous liquors under

certain prescribed conditions and to be used only for medicinal, scientific and educational purposes. Wholesale dealers making no sales of less than five gallons at a time are also excepted, and the term wholesale dealer, as used in the act, is defined to mean "a person, firm or corporation whose sole business in connection with the liquor traffic is to sell at wholesale to retail dealers licensed by the laws of the State, or to wholesale liquor dealers or to druggists or pharmacists who are licensed as such by the state board of pharmacy. The State was required to prove only that appellant made the sale alleged, and it was then incumbent upon him to show, in defense, that it fell within some proviso of the act excepting him from liability. It is clear from this act that a wholesaler cannot make a valid sale of liquor in any quantity to a consumer. The right to sell malt liquors to consumers is lodged wholly with licensed retail liquor dealers.

Conceding that the brewery depot or agency license introduced in evidence was valid for the purposes for which it was issued, it could in no sense be construed to justify a sale of liquor made in violation of the statute law of the State. The statute quoted forbids the sale shown to have been made, and no city has power to enact ordinances inconsistent with or repugnant to the laws of the State. If, therefore, the brewery depot license granted by the city of Greencastle, or the ordinance in pursuance of which the same was issued, purported to authorize such a sale of liquor as here shown, it would of necessity be held ineffectual and void. 21 Am. and Eng. Ency. Law (2d ed.), 980.

The judgment of conviction was accordingly in harmony with the law and the evidence, and appellant's motion for a new trial was rightfully denied.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

MONTGOMERY, J.—Appellant's counsel have reargued the points originally presented and decided. It is asserted that the construction given to the Beardsley law in this case works a wide departure from the former policy of this State. A concession of this claim does not affect the duty of this court. The legislative department determines the public policy of the State, and when it has declared a particular policy in plain terms, the duty of the courts is to give it effect. The State has never authorized a manufacturer or wholesale dealer to sell liquors at retail, or to sell to consumers in retail quantities. The only change of policy effected by this statute, therefore, was to take away the right of such dealer to sell directly to consumers.

The statute under consideration expressly forbids all sales of intoxicating liquors without license under the laws of this State, except. as thereinafter provided. This prohibition is broad and sweeping, and includes appellant and his principal, the Terre Haute Brewing Company. If the sale in question was justifiable under the law, it must be brought within one of the exceptions named in the statute. The only sales excepted are such as may be made by wholesalers and duly licensed druggists and pharmacists, within prescribed limitations. For the purposes of the act a wholesale dealer is defined as "a person, firm or corporation whose sole business in connection with the liquor traffic is to sell at wholesale to retail dealers licensed by the laws of the State, or to other wholesale liquor dealers or to druggists or pharmacists who are licensed as such by the state board of pharmacy." It is argued that the business of a brewing company is to manufacture, as well as to sell, beer, and therefore it cannot be said that its sole business in connection with the liquor traffic is to sell at wholesale, etc., and that the law should not be held to apply to a manufacturer. If this view were accepted by the court and carried to its logical con-

clusion it would exclude manufacturers from the exceptions of the statute, and make sales by them in any quantity to persons within the State unlawful. The language of the act does not preclude wholesalers from conducting any other business, but the language is, "a person, firm or corporation whose sole business in connection with the liquor traffic is to sell," etc. The word "traffic" means trade, commerce, exchange or sale of commodities, and hence a wholesale dealer, under this act, may traffic in goods of his own manufacture as well as those produced by others.

It is contended that the charter issued to the brewing company by the State is both a contract and a license, and, as a license, authorizes the corporation to manufacture and sell beer. This claim is clearly untenable.

By issuing a corporate charter to a brewing company, the State does not guarantee a market for its product, or authorize the unrestricted sale of its beer within the State. The right to regulate the sale of beer for use as a beverage is not surrendered by the issuance of a corporate charter to engage in its manufacture. It is elementary that the State cannot barter away or surrender in any manner its police power.

The authority granted to cities is "to license, tax and regulate distilleries and breweries, and the depots or agencies established in any such city by any distillery or brewery." Appellant sought to justify a sale of beer to a consumer upon a license issued under an ordinance enacted in pursuance of this statute. The authority delegated to cities under this provision is not to license sales of liquor in any quantity, or to regulate the traffic, but to impose upon distilleries and breweries and their depots and agencies a special license fee and tax to cover the cost of police supervision and other regulations and expenses made necessary by the presence of such institutions in populous communities and the character of their business as affecting the public welfare. An agent holding such a municipal li-

NOVEMBER TERM, 1909. 469

Chicago, etc., R. Co. *v.* Railroad Com., etc.—173 Ind. 469.

cense is not a person licensed to sell or barter intoxicating liquor under the laws of the State of Indiana.

A constitutional question has been suggested, but it is well settled that a rehearing will not be granted to consider such a question when not presented upon the original hearing. *Meek* v. *State, ex rel.* (1909), 172 Ind. 654.

The petition for a rehearing is overruled.