EDWARDS *v.* STATE OF INDIANA

[No. 27,687. Filed October 27, 1942. Rehearing denied November 23, 1942.]

*Samuel M. Emison* and *Shuler McCormick,* both of Vincennes, for appellant.

*George N. Beamer,* Attorney General, and *C. Ballard Harrison,* Deputy Attorney General, for the State.

SWAIM, J.—The appellant was convicted of the crime of assault and battery with intent to commit a felony, to wit: rape, on an affidavit which charged that the appellant "on or about the first day of November, 1939, at and in the County of Knox, State of Indiana, did then and there unlawfully and feloniously make an assault in and upon one, . . . a female under the age of sixteen (16) years, . . . *and did* then and there un-

lawfully and feloniously ravish and carnally know her, the said [name of girl] . . . ." (Our italics.) To this affidavit the appellant filed a plea of not guilty.

After the trial was commenced, the court, on motion of the prosecuting attorney, and over the objection of the appellant, permitted the affidavit to be amended by the insertion of the italicized words "and did."

The only question presented by the assigned errors is the action of the court in permitting the amendment of the affidavit during the trial.

Section 9-1133, Burns' 1933 (Supp.), § 2132-1 Baldwin's Supp., 1935, provides that "The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged." This statute and similar modern statutes of other states evidence an intent to ·eliminate the effect of technical and formal defects which do not prejudice a defendant or affect his substantial rights, on the theory that in the development of the administration of justice, narrow technical formalism should be eliminated to the end that substantial justice may be attained. *United States* v. *Fawcett* (1940), 115 F. (2d) 764.

It only remains for us to determine whether the amendment of the affidavit in this case was of mere form or whether it was of substance such as to prejudice the substantial rights of the accused.

If the original affidavit was sufficient to charge the crime of rape the insertion of the two words was an amendment in form only and was expressly permitted by the above cited statute. *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. (2d) 270.

The appellant contends that the affidavit in its orig-

inal form neither charged the crime of rape nor the crime of assault and battery with intent to commit a felony, to wit: rape. It is not necessary that the affidavit charge assault and battery with the intent to commit a felony if the affidavit properly charged the crime of rape, because under a proper charge of rape the defendant may be convicted for the lesser crime of assault and battery with the intent to commit rape. *Leinberger* v. *State* (1933), 204 Ind. 311, 183 N. E. 798. If the appellant be correct in his contention that the original affidavit was not sufficient to charge the crime of rape, the amendment of the affidavit during the course of the trial constituted reversible error.

The appellant has cited *Strader* v. *State* (1883), 92 Ind. 376, as authority to support his contention that the omission of the words "and did" from the second part of the original affidavit constitute a fatal defect. In that case the court, on a motion to quash, passed on the validity of an information, the last clause of which stated that "then and there, unlawfully and feloniously did ravish and carnally know." There was no connective used between this clause and the foregoing part of the information and the court held that the clause, standing by itself, conveyed no definite legal meaning; and that it did not charge that the appellant ravished and carnally knew Addie Young or any other specifically named person. In the instant case there is no contention that the second part of the affidavit was not sufficient with the exception of the two omitted words, "and did."

Section 9-1127, Burns' 1933, § 2206 Baldwin's 1934, provides that no affidavit shall be deemed invalid nor set aside nor quashed, nor the trial judgment or other proceedings stayed, arrested or in any manner affected

for certain specified defects, or "For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The purpose of an affidavit is to inform a defendant of the specific crime with which he is charged. It is not necessary that the affidavit be couched in any particular words or phrased in any particular manner if it is sufficient to advise the defendant of the particular crime with which he is charged, so that he may have an opportunity to prepare his defense. *Skelton* v. *State* (1910), 173 Ind. 462, 89 N. E. 860, 90 N. E. 897; *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819.

This court has held that awkward or ungrammatical language will not invalidate an indictment if the meaning is plain to a common intent. Where the meaning is clear, mistakes in grammar, spelling, or punctuation do not vitiate the affidavit. *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009; *Post* v. *State* (1926), 197 Ind. 193, 150 N. E. 99. It was held by this court in *Walter* v. *State* (1886), 105 Ind. 589, 590, 5 N. E. 735, that an indictment which charged that a defendant sold intoxicating liquor without a license was good as against a motion to quash although the charge that the defendant did not have a license stated, "the said Theodore Walter, not then and there having a license to sell such intoxicating . . . ," omitting the word "liquor." The court said that this was merely a clerical omission and did not constitute a fatal defect.

This court has not passed on the effect of the omission of the word "did" from an affidavit or indictment where it was apparently intended that it be used as an auxiliary to another verb or verbs in charging the commission of an offense.

Other courts, however, have held that the omission of this word where it was intended to be used in an affidavit or indictment constituted only a clerical omission or a grammatical error and did not invalidate the affidavit or indictment where the intent of the charge was clear.

In the early case of *State* v. *Whitney* (1843), 15 Vt. 298, 300, 301, it was held that the omission of the auxiliary verb "did" from an indictment which apparently intended to say that the defendant "did sell and dispose of," was purely a clerical one; that the words "sell and dispose of" expressed all the action which was imputed to the defendant; and that no one could misapprehend their sense in the connection in which they were used.

In *State* v. *Wingard* (1916), 92 Wash. 219, 222, 158 P. 725, 727, the court in speaking of the effect of the omission of the charging verb "did" said, "It is plain from the wording of the information that this word was omitted by mistake, and only by a careful perusal of the information would it be discovered that this verb was omitted. . . . We are satisfied that the information states a crime under the statute."

In *State* v. *Hawkins* (1911), 155 N. C. 466, 467, 71 S. E. 326, an indictment was held good which charged that the defendant " 'with force and arms, . . . unlawfully, willfully, and feloniously break and enter the town hall. . . .' " Although the word "did" had not been used the court there said that the defendant could not have been misled, nor have failed to understand the exact nature of the offense charged.

The Supreme Court of Missouri in *State* v. *Massey* (1918), 274 Mo. 578, 584, 585, 204 S. W. 541, 542, held that an information for robbery which charged that the defendant " 'unlawfully and feloniously *make an*

*assault,* . . .' " upon the person robbed, showed merely a clerical mistake by the party writing the information in omitting the word "did" before the phrase "make an assault" or in writing "make" where he intended to write "made." The court there said, "In either event the error is one which the reader of the information readily detects and is readily and instantly able to supply. Such condition being obvious we do not think we ought to condemn the information as being fatally bad."

In *People* v. *Slaughter* (1917), 33 Cal. App. 365, 368, 165 P. 44, 45, an indictment for rape, which omitted the auxiliary verb "did," was held to be good, the court saying, "The indictment is grammatically defective in using the word 'accomplish,' instead of 'accomplished,' or 'did accomplish,' but while the district attorney thus manifested a degree of carelessness it is perfectly apparent that the defendant suffered no prejudice by reason of the defective averment."

In *People* v. *King* (1922), 56 Cal. App. 484, 486, 205 P. 703, the court in deciding that a similar indictment, which omitted the word "did," was good, said, "An error which does not prevent a defendant of common understanding from being fully informed as to the charge against him and enabled to prepare for his defense is clearly not prejudicial." To the same effect see *People* v. *Haagen* (1903), 139 Cal. 115, 72 P. 836.

In each of the above cases no auxiliary verb was used and the indictments were held good. In the instant case the affidavit contained the auxiliary verb "did" preceding the first clause of the charging portion of the affidavit and as used it may be considered also as being auxiliary to the verbs in the second charging clause. So considered the affidavit would read that the appellant on the date and at the place specified *did*

(a) "then and there unlawfully, and feloniously make an assault . . .," (b) "unlawfully and feloniously ravish and carnally know. . . ."

It is inconceivable that the appellant in this case could have had any doubt in his mind as to the crime with which he was charged. The original affidavit without the two inserted words sufficiently charged appellant with the crime of rape. The amendment of the affidavit by the insertion of the two words constituted merely a change in the phraseology to more clearly express the offense charged in the original affidavit and it in no manner prejudiced the substantial rights of the appellant. The action of the court in permitting the amendment did not constitute error.

The judgment is affirmed.

Shake, J., not participating.

NOTE.—Reported in 44 N. E. (2d) 304.