### McCLOSKEY v. STATE OF INDIANA.

[No. 27,949. Filed April 11, 1944. Rehearing denied May 10, 1944.]

*Orph M. Hall, Cox, Hilleary, Shafer & Cox,* and *John K. Fesler,* all of Terre Haute, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for appellee.

SWAIM, J.—The appellant was convicted of cruelty to animals under § 10-205, Burns' 1933 (1942 Replacement), § 2863, Baldwin's 1934, which provides that ". . . whoever, having charge or custody of any animal, either as owner or otherwise, inflicts needless cruelty upon the same, . . . or cruelly or unnecessarily fails to provide the same with proper food, drink, shelter or

protection from the weather, shall, on conviction be fined . . . ."

.The affidavit on which appellant was tried and convicted stated that the appellant, on a specified date, in said county and state "did then and there have charge and custody of certain dogs and did then and there unlawfully inflict needless cruelty upon said dogs by then and there unlawfully and cruelly confining said dogs in a vehicle which was not then and there of sufficient size to accomodate said dogs without overcrowding said dogs, as a result of which unlawful and cruel confinement said dogs were cruelly overcrowded, and the said Otto Franklin McCloskey did then and there unlawfully and cruelly fail and neglect to provide said dogs with food and water, as a result of which said unlawful and cruel overcrowding and said failure to provide said dogs with food and water, certain of said dogs became sick, and as a result of said overcrowding and said sickness three of said dogs then and there died, . . . ."

The appellant filed a motion to quash this affidavit on the statutory grounds. The action of the court in overruling this motion is the only alleged error presented by this appeal.

The appellant contends that the facts stated in the affidavit did not constitute a public offense for the reason that the affidavit failed to charge the offense in the language of the statute. Section 9-1105, Burns' 1933 (1942 Revision), § 2188, Baldwin's 1934, expressly provides that "Words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used."

Appellant insists that the use of the word "without" in the first part of the affidavit in which it was stated

that the appellant inflicted needless cruelty upon the dogs by "unlawfully and cruelly confining said dogs in a vehicle which was not then and there of sufficient size to accomodate said dogs without overcrowding said dogs" makes this part of the charge uncertain because the word "without" as used is "a conjunction and joins two sentences or clauses together," and that the charge is thereby made uncertain. With this contention we cannot agree. The only reasonable interpretation of this part of the charge is that the appellant inflicted needless cruelty on the dogs by confining them in a vehicle where they were overcrowded.

The second part of the affidavit charged that the appellant unlawfully and cruelly failed and neglected to provide the dogs with food and water. The appellant objects to this part of the charge because the word "proper," as used in the statute to modify food and drink, was not used in the affidavit. Certainly the failure to provide any food and water would amount to a failure to provide the dogs with proper food and water. The alleged effect of the overcrowding and of the failure to provide food and water also clearly indicates that the overcrowding and the failure to provide food and water was for a considerable period of time.

The statute is an attempt to prevent cruelty to animals and enumerates several acts which would constitute such cruelty. Anyone inflicting needless cruelty on animals in his charge or custody is guilty of violating the statute even though the cruelty he inflicts is not one of the particular acts of cruelty enumerated. *State* v. *Bruner* (1887), 111 Ind. 98, 12 N. E. 103; *Moore* v. *State* (1914), 183 Ind. 114, 107 N. E. 1.

The appellant cites many authorities which have announced the well established rule that indictments and affidavits must be so certain and particular as to enable the court and jury to distinctly understand what is to be tried and determined, and as to fully inform the defendant of the particular charge he is required to meet. However, as we said in *Edwards* v. *State* (1942), 220 Ind. 490, 44 N. E. 304, "It is not necessary that the affidavit be couched in any particular words or phrased in any particular manner, if it is sufficient to advise the defendant of the particular crime with which he is charged, so that he may have an opportunity to prepare his defense."

In the instant case the affidavit was sufficient to apprise the court, the jury and the defendant of the particular charge on which the defendant was to be tried. It was not error to overrule the motion to quash.

The judgment is affirmed.

NOTE.—Reported in 53 N. E. (2d) 1012.