JEPPIE NOEL v. STATE OF INDIANA.

[No. 1-1172A95. Filed August 21, 1973.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

LYBROOK, J.—This appeal stems from the denial of a petition for post conviction relief arising out of Noel's conviction

of assault and battery with intent to commit a felony, to-wit: murder. Noel was sentenced to a term of not less than two [2] years nor more than fourteen [14] years in the Indiana State Prison.

The substantive issues on appeal are framed by the court's finding on Noel's petition for post conviction relief. The court's findings and judgment thereon, omitting the formal parts, are as follows, to-wit:

"SPECIAL FINDINGS OF FACT & JUDGMENT

The Court now finds that defendant was found guilty by a jury in the Shelby Superior Court of the crime of assault and battery with intent to commit a felony and was sentenced to a term of two to fourteen years in the Indiana State Prison. The Court further finds that defendant is still serving said term in said prison. The Court further finds that at all stages of said proceedings the defendant was represented by counsel, and that said trial was had upon the issues formed by the affidavit for assault and battery with intent to commit a felony and the plea of not guilty by the defendant. The Court further finds that the defendant did not file a motion for a new trial or any other petitions for post-conviction relief.

"The Court further finds that even though the caption on the affidavit reads 'Assault and Battery with Intent to Commit a Felony,' the defendant was tried under Burns Indiana Statutes Annotated 10-401 A entitled 'Assault or Assault and Battery with Intent to Kill.' The Court further finds that Burns Indiana Statutes Annotated 10-401 specifically excludes the felony of homicide. The Court further finds that the jury was instructed that if they found the defendant guilty he would receive a sentence of two to fourteen years under Instruction No. 2 which set out the statute.

"WHEREFORE, It is ordered, adjudged, and decreed: That the petition for post conviction relief herein be, and the same is hereby denied, and the Sheriff of Shelby County, Indiana, is hereby ordered to return the defendant to the Indiana State Prison to complete the sentence heretofore imposed."

The motion to correct errors charges that the court's special findings are not substantiated by the record and the con-

clusions of law thereon are contrary to law. However, the sole issue for review in this appeal concerns the legality of the sentence.

The pertinent part of the original affidavit charging the offense is in the words and figures:

". . . on or about the 1st day of February A.D., 1968 at the County of Shelby, in the State of Indiana: JEPPIE NOEL did then and there perpetrate unlawfully and feloniously an assault and battery upon the person of Pauline Scudder, a human being, with the intent then and there to commit a felony, to-wit: murder, . . . ."

Appellant contends that the trial court erred in its conclusion that he had not been erroneously and illegally sentenced on the verdict of guilty of assault and battery with intent to commit a felony, to-wit: murder.

IC 1971, 35-1-54-3; Ind. Ann. Stat. § 10-401 (Burns 1972 Supp.) provides:

"Assault or assault and battery with intent to commit a felony.—Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony other than a felonious homicide, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years."

IC 1971, 35-13-2-1; Ind. Ann. Stat. § 10-401a (Burns 1972 Supp.) provides:

"Assault or assault and battery with intent to kill.—Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction, be imprisoned in the state prison for not less than two [2] nor more than fourteen [14] years."

Noel's trial counsel objected to the proposed form of verdict which called for a sentence of not less than two [2] nor more than fourteen [14] years, on the grounds that the affidavit charged assault and battery with intent to commit

a felony, which calls for imprisonment of not less than one ■ nor more than ten [10] years, rather than assault and battery with intent to kill which carries not less than two ■ nor more than fourteen [14] years.

The objection was overruled, and the jury returned its verdict of guilty. The defendant was then sentenced to two to fourteen years.

In arguing the illegality of his sentence Noel relies on *Young* v. *State* (1967), 249 Ind. 286, 231 N.E.2d 797. The affidavit in that case charged that Young did ". . . unlawfully, feloniously, purposely and voluntarily, upon a sudden heat, but without malice, shoot at the said Joseph Clinton Ridley with a certain pistol . . . unlawfully, feloniously, purposely and voluntarily upon a sudden heat but without malice to kill, . . ." At trial defendant was found guilty of the offense of assault and battery with intent to commit a felony, to-wit: manslaughter. The trial court modified the judgment to assault and battery with intent to commit a felony, to-wit: aggravated assault, and the defendant was sentenced to prison for not less than one or more than ten years.

Our Supreme Court held that there was no such offense as assault and battery with intent to commit a felony, to-wit: manslaughter, and that § 10-401 specifically excludes felonious homicide.

In the case at bar, the trial court found that the affidavit charged the defendant with assault and battery with intent to kill under § 10-401a. The court further said that assault and battery with intent to commit a felony is not an included offense in assault and battery with intent to kill.

The State contends that the case at bar is distinguishable from *Young, supra,* and that Noel was charged in substance with assault and battery with intent to kill, that he was tried for that crime and that the verdict conformed to the affidavit.

We agree that *Young, supra,* is not controlling in the case at·bar. The pertinent holding in *Young* was simply that aggravated assault is not an included offense of assault and battery with intent to commit a felony.

The State argues that Noel's attack is directed at the affidavit, rather than the verdict, and that the verdict is responsive to the affidavit.

Noel argues that due to the wording of the affidavit he was charged under § 10-401 but sentenced under § 10-401a. He further argues that since § 10-401 excludes felonious homicide, the affidavit failed to state an offense under the laws of Indiana.

IC 1971, 35-1-23-26; Ind. Ann. Stat. § 9-1127 (Burns 1956) reads, in part, as follows:

> "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects:
>
> *   *   *
>
> Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged.
>
> *   *   *
>
> Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

We are of the opinion that the affidavit in this cause was sufficient to charge Noel with assault and battery with intent to kill under § 10-401a.

Indictments or affidavits need only be so certain and particular as to enable the court and jury to understand what is to be tried and determined and to fully inform the defendant of the particular charge he is required to meet.

In *McCloskey* v. *State* (1944), 222 Ind. 514, 53 N.E.2d 1012, the court, quoting from *Edwards* v. *State* (1942), 220 Ind. 490, 44 N.E.2d 304, said:

> " 'It is not necessary that the affidavit be couched in any particular words or phrased in any particular manner, if it is sufficient to advise the defendant of the particular crime with which he is charged, so that he may have an opportunity to prepare his defense.' "

An examination of the record compels the conclusion that Noel was fully cognizant of the fact that he was being tried on the charge of assault and battery with intent to kill under § 10-401a. This is reflected in his written objections to certain tendered instructions.

For example, Noel's objection to court's tendered instruction No. 3 was, in part, ". . . that the affidavit charging the defendant with assault and battery with intent to commit murder contains with it all degrees of homicide. . . . [T]his affidavit is intended to be, and so states upon its face, that it is a charge of assault and battery with intent to commit a felony and the wording of the affidavit, which states 'felony—murder' is in such a wording that places the charge under the statute of assault and battery with intent to kill."

Each of the instructions which made reference to the offense of murder was specifically objected to and thereafter each was withdrawn or refused by the court and not submitted to the jury.

Had Noel wished to challenge the sufficiency of the affidavit, he should have done so prior to this appeal. An attack on the affidavit must come before trial or it is waived. In *Brown* v. *State* (1970), 254 Ind. 504, 260 N.E.2d 876 the court said:

> ". . . The issue is not properly before us since no motion to quash the indictment was made. However, we find nothing in the statute attacked that would at this late date warrant our minute examination as to its constitu-

tionality. Appellant argues, however, that Rule 1-14B has changed the procedural law and that the indictment may be attacked in the motion for a new trial by a specification in the memoranda after the trial is over. This is a misinterpretation of that rule. It is well settled in this State that an attack on the indictment must be made before trial . . . ."

This rule is cited in the later case of *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667.

Since murder unquestionably falls within the category of felonious homicide, and is excluded under § 10-401, it is apparent that Noel could not be charged, tried, convicted or sentenced under that section. The affidavit describes an assault and battery, with an intent to murder and includes all the essential elements to charge a crime under § 10-401a.

Finding no reversible error the judgment is affirmed and defendant-appellant's motion for post conviction relief is denied.

Robertson, P.J. and Lowdermilk, J., concurs.

NOTE.—Reported at 300 N.E.2d 132.