WENDELL HOPPER *v.* STATE OF INDIANA.

[No. 1-374A46. Filed July 25, 1974. Rehearing denied August 27, 1974.]

30

*James W. Pendland,* of Bedford, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Hopper was tried by jury and convicted of Uttering a Forged Instrument. His appeal presents the following issues for review:

1. Whether the trial court erred in overruling appellant's motion to quash.

2. Whether the trial court erred in overruling appellant's motion for change of venue from the county.

3. Whether the trial court erred in overruling appellant's motion for continuance of trial.

4. Whether the trial court erred in overruling appellant's objection to the admission of a check and driver's license into evidence.

5. Whether appellant's conviction is supported by sufficient evidence.

The evidence reveals that on July 18, 1973, appellant entered a tavern in Bedford, Indiana, handed a check to the bartender, and requested that it be cashed. The bartender had previously received information concerning the theft of certain checks from the company upon whose account the check presented by appellant had been drawn. Suspecting that the check presented by appellant was one of those stolen, the bartender left the room under the pretext of seeking the approval of his boss to cash it, and instructed a waitress to call the police. A city police officer arrived at the tavern shortly thereafter.

After being handed the check by the bartender, the officer requested some identification from Hopper, who then produced a chauffeur's license bearing the name Victor E. Hall, as did the check which appellant had presented to be cashed. Appellant was then taken to police headquarters.

During questioning, appellant admitted his true identity and further admitted knowledge of the fact that the check which he had attempted to cash was stolen.

I.

The affidavit upon which appellant was charged reads in relevant part:

". . . Wendell Hopper, late of said county, did then and there unlawfully, feloniously and knowingly, utter to Fred Dick, an employee of Hobby's Inn owned by Roy Embree, as true and genuine a certain false, forged and counterfeit check for the payment of money, to-wit: One hundred Sixteen dollars and Twenty-four cents ($116.24), said pretended check purporting to have been made and executed by one Thomas Cave, in favor of Victor E. Hall, which said false, forged, and counterfeit check was in the following tenor, viz: a copy of which check is attached hereto and made a part hereof and marked Exhibit 'A', with the intent then and there and thereby to feloniously, falsely, and fraudulently to defraud the said Roy Embree, owner of Hobby's Inn, he the said Wendell Hopper well knowing the said check to be false, forged and counterfeit."

Appellant moved to quash the affidavit on the grounds that the facts stated therein failed to constitute a public offense or state the offense with sufficient certainty. Error is assigned to the overruling of this motion.

It is true, as appellant contends that IC 1971, 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns 1956), defines two separate offenses, being Forgery and Uttering a Forged Instrument. *Sanford* v. *State* (1971), 255 Ind. 542, 265 N.E.2d 701. However, we cannot agree with appellant's assertion that the affidavit in the case at bar fails to distinguish between these offenses.

In *Noel* v. *State* (1973), 157 Ind. App. 338, 300 N.E.2d 132, we stated:

"Indictments or affidavits need only be so certain and particular as to enable the court and jury to understand what is to be tried and determined and to fully inform the defendant of the particular charge he is required to meet.

"In McCloskey v. State (1944), 222 Ind. 514, 53 N.E.2d 1012, the court, quoting from Edwards v. State (1942), 220 Ind. 490, 44 N.E.2d 304, said:

'It is not necessary that the affidavit be couched in any particular words or phrased in any particular manner, if it is sufficient to advise the defendant of the particular crime with which he is charged, so that he may have an opportunity to prepare his defense.' "

The affidavit in the case at bar sufficiently identified and charged appellant with the offense of Uttering a Forged Instrument. In this connection, it is important to note that appellant has wholly failed to demonstrate that he was prejudiced or misled in the preparation of his defense.

For the first time in this appeal, appellant also asserts that his motion should have been sustained on the grounds that the affidavit is based upon so-called "double hearsay." We need only to respond that such a contention does not fall within the statutory grounds upon which a motion to quash may be predicated. IC 1971, 35-1-23-28, Ind. Ann. Stat. § 9-1129 (Burns 1956).[1] See also, *Johnson* v. *State* (1969), 252 Ind. 70, 247 N.E.2d 212. Further, Ind. Rules of Procedure, Criminal Rule 3(A) provides that any grounds not specified in the memorandum to the motion to quash is deemed to be waived.

We therefore conclude that the trial court did not err in overruling appellant's motion to quash.

## II.

Appellant next contends that the trial court abused its discretion in failing to grant his motion for change of venue from the county.

Ind. Rules of Procedure, Criminal Rule 12, provides generally that in cases not punishable by death the court may grant such a motion when in its discretion cause for such

---

1. Sections relating to the motion to quash were repealed by Acts 1973, P.L. 325, § 5.

change is shown to exist after a hearing or upon such other proof as the court may require.

Appellant's affidavit attached to the motion merely states:

"Wendell Hopper, Defendant in State of Indiana vs. Wendell Hopper, 73 CR 73, being duly sworn on his oath, states and says:

1. That he believes that he cannot receive a fair trial due to the bias and prejudice against him in the County of Lawrence, State of Indiana.

2. That for reason thereof, the above cited case should be transferred to another county in said State in which the Defendant may be tried by disinterested triers."

Although a hearing was held upon the motion, appellant has failed to cause a transcript of the same to be included in the record on appeal. We are therefore deprived of any basis whatsoever upon which to review the trial court's ruling on the motion for change of venue. We cannot presume that the court abused its discretion. Should we indulge in any presumption, it must be in favor of the court's action. *Glenn* v. *State* (1973), 154 Ind. App. 474, 290 N.E.2d 103, citing *Hartsfield* v. *State* (1950), 228 Ind. 616, 94 N.E.2d 453.

Further, upon examination of the record, we are convinced that Hopper received a fair and impartial trial.

### III.

Appellant next asserts that the trial court abused its discretion in overruling his motion for continuance of trial.

The affidavit upon which appellant was tried was filed in the Lawrence Circuit Court on July 20, 1973. That same date, counsel was appointed to represent appellant.

On August 14, 1973, appellant's counsel petitioned the court for withdrawal of appearance. The petition was granted, and other counsel was appointed to the case on August 17.

On September 7, 1973, appellant appeared in court with his second appointed counsel, waived formal arraignment, and

entered a plea of not guilty. Trial of the cause was then set for November 15, 1973.

Two months later, on November 7, 1973, defendant, by counsel, filed his motion for continuance of trial grounded upon an alleged need of extra time in which to complete discovery and seeking leave of the court to take depositions of five persons connected with the cause. The court ordered that the witnesses be deposed on November 9, 1973, and denied the requested continuance.

Thereafter appellant's counsel filed a motion for reconsideration of this ruling to which the court responded, *inter alia,* that appellant, being unable to make bond, had been continually incarcerated since July 20, 1973, and that if trial was not held as scheduled, appellant might remain incarcerated for an additional two months due to congestion of the court's docket.

On the day the depositions were to be taken appellant's counsel moved to withdraw his appearance, which motion was granted, and a third attorney was appointed to the cause. Withdrawing counsel was, however, ordered to appear with and assist the newly appointed counsel in the taking of the depositions.

The granting of continuances is generally within the sound discretion of the trial court. Denial of such a motion will not result in reversal absent a clear showing of abuse of discretion. *Blevins* v. *State* (1973), 259 Ind. 618, 291 N.E.2d 84; *Jay* v. *State* (1965), 246 Ind. 534, 206 N.E.2d 128.

Those cases cited by appellant in his brief wherein defendants were compelled to stand trial almost immediately following appointment of counsel have no application to the instant case. e.g., *Hartman* v. *State* (1973), 155 Ind. App. 199, 292 N.E.2d 293 (trial "a few minutes" following appointment of counsel); *Hoy* v. *State* (1947), 225 Ind. 428, 75 N.E.2d 921 (trial same day as appointment of counsel);

*Lloyd* v. *State* (1960), 241 Ind. 192, 170 N.E.2d 904 (trial two and one-half hours following engagement of counsel).

Appellant also cites *Sweet* v. *State* (1954), 233 Ind. 160, 117 N.E.2d 745, wherein it was determined that an indigent defendant charged with kidnapping was not afforded sufficient time in which to prepare his defense where trial occurred four days following appointment of counsel.

In the instant case, appellant's second counsel was appointed nearly two months prior to trial. The State produced the names of its witnesses nearly a full month prior to appellant's request for continuance. The witnesses specified by appellant were made available for deposition six days prior to trial. While appellant's second attorney withdrew from the cause six days prior to trial, he was ordered to attend and assist appellant's third appointed counsel in the taking of the depositions. Appellant's third counsel did not request a continuance.

In our opinion, appellant has failed to demonstrate an abuse of discretion in the denial of his requested continuance.

### IV.

Appellant objected to the admission into evidence of the check which he allegedly attempted to cash at the tavern and the driver's license which he allegedly presented as identification to the arresting police officer, which objections were overruled.

Prior to the admission of the exhibits, the bartender and the arresting officer positively identified the check and the driver's license, respectively, as being the specific items which appellant presented to them at the scene of the crime.

It is appellant's contention, however, that the exhibits were inadmissible due to the State's failure to establish a valid chain of custody.

As appellant points out, *Graham* v. *State* (1970), 253 Ind. 525, 255 N.E.2d 652, established in Indiana the doctrine

that a foundation must be laid connecting exhibits with the defendant and showing their continuous whereabouts from the time which they came into possession of the police. We think it appropriate to point out, however, that the court in *Graham* was primarily addressing the problems associated with evidence of a fungible nature, in that case heroin. The court stated:

> "Although research reveals no Indiana cases which recite the phrase 'chain of evidence' or 'chain of possession' there is little doubt that the rule of law it represents prevails in this state. Especially is this true in the case of offenses such as the one before us where narcotics are involved. The danger of *tampering, loss, or mistake* with respect to an exhibit is greatest where the exhibit is small and is one which has physical characteristics fungible in nature and similar in form to substances familiar to people in their daily lives. The white powder in this case could have been heroin, or it could have been for example, baking powder, powdered sugar, or even powdered milk."

In *Bonds* v. *State* (1973), 158 Ind. App. 579, 303 N.E.2d 686, this court noted that while the doctrine of chain of custody is not limited solely to evidence of a fungible nature, the State's burden to negate the possibility of tampering may be greater in some cases than in others. Evidence which strongly suggests the whereabouts of an exhibit at all times may be sufficient where there is only a mere possibility of tampering.

In the instant case, the items were positively identified as those which were presented by appellant at the scene of the crime. The arresting officer testified that at the time of the arrest, he gave the items to another officer who also testified at trial. This officer identified both the check and the license as the specific items which he had received from the arresting officer, and on cross examination by appellant's counsel, testified as follows:

> "Q. You say this check was the one Officer Duncan gave you?
> A. Yes sir.

Q. And how do you identify this as the one he gave you?
A. By the check number and also by the fact it's been in my possession.
Q. It's been in your possession?
A. Yes sir."

This testimony strongly suggests the whereabouts of the exhibits prior to trial. Further, appellant makes no contention that the exhibits may have been tampered with. We therefore find no error in their admission into evidence.

## V.

Appellant assigns as three separate errors the overruling of his motion for judgment on the evidence, the failure of the State to prove criminal intent, and the question of the sufficiency of the evidence to sustain his conviction. Each of these assignments comprise basically the single issue of the sufficiency of the evidence and will therefore be discussed together.

This court may not, of course, weigh conflicting evidence or resolve questions of the credibility of witnesses. Rather, we may look to only that evidence most favorable to the finding of the trial court together with all reasonable and logical inferences which may be drawn therefrom. A conviction must be affirmed if there is evidence of probative value from which the trier of fact could have reasonably inferred that the defendant was guilty beyond a reasonable doubt. *Finger* v. *State* (1973), 260 Ind. 148, 293 N.E.2d 25; *McHaney* v. *State* (1972), 153 Ind. App. 590, 288 N.E.2d 284.

The elements of the crime of uttering a forged instrument have been defined as "the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud." *Gennaitte* v. *State* (1962), 243 Ind. 532, 188 N.E.2d 412.

In his brief, appellant concedes that the check which

he presented to the bartender was forged. He asserts, however, that the State failed to prove that he had knowledge of that fact. This contention is without merit. There was ample evidence from which the jury could have inferred appellant's knowledge of the forgery. It is significant that during questioning by the police, appellant admitted knowledge that the check was stolen. To sustain a conviction of uttering a forged instrument it is, of course, immaterial whether the defendant wrote the check or had knowledge of who wrote it. *Dullen* v. *State* (1968), 250 Ind. 212, 233 N.E.2d 478; *Moses* v. *State* (1971), 256 Ind. 614, 271 N.E.2d 446.

*McHaney* v. *State, supra,* disposes of appellant's contentions that the State failed to prove that he both presented the check as being genuine and possessed an intent to defraud. Therein, the court said:

"These elements were addressed, . . . in England v. State (1968), 249 Ind. 446, 233 N.E.2d 168. In that case defendant-England was convicted for the offense of uttering a forged instrument, and on appeal raised the issue of whether the conviction was sustained by sufficient evidence. The facts of that case show that England drove up to the drive-in window of a bank and placed a check which was purportedly executed by one Molean Gibson in favor of one Larry Sullivan in the tray. No words were exchanged between England and the teller except for a greeting and a request to wait. In affirming the conviction, our Supreme Court, at 449 of 249 Ind., at 171 of 233 N.E.2d, held:

'We conclude the offering of the check to the teller with no instructions, when this act is generally construed in the banking industry as a request to exchange said check for cash, is sufficient conduct to warrant the jury to believe that the appellant intended to cash a forged instrument.' "

With respect to appellant's general allegation of a failure to prove criminal intent, we need only cite *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, and *Finger* v. *State, supra,* which are representative of a long line of cases holding that requisite guilty knowledge and intent may be inferred from circumstantial evidence.

Appellant having failed to demonstrate reversible error in the trial proceedings, judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 314 N.E.2d 98.