DANNY RAY RUSSELL *v.* STATE OF INDIANA.

[No. 2-774A167. Filed February 6, 1975.]

*Robert E. Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Some twenty boys, including the appellant and the prosecuting witness, a boy aged 15 years, were confined in cell block 21 in the Marion County Jail when the appellant and another boy confined in said cell block committed sodomy on the 15 year old youth. The 15 year old youth resisted attempts to sodomize him but was unsuccessful. The appellant and another, his co-defendant, penetrated the 15 year old youth anally.

The youth suffered excruciating pain and as a consequence he blacked out several times during the day; although these acts took place before breakfast on July 22, 1973, the jail attendants were not notified until afternoon.

There is ample evidence in the record that the 15 year old youth was held by fellow prisoners, his clothes removed, and

that he was penetrated anally by the appellant and his co-defendant.

Appellant and his co-defendant were charged with sodomy under IC 1971, 35-1-89-1, Ind. Ann. Stat. § 10-4221 (Burns 1956 Repl.)

Appellant in his brief states that the State attempted to prove there was an "abominable and detestable crime against nature" and further admitted the State "does have evidence in its record which, if it is to be looked at most favorably from the State" (and appellant concedes this is proper on appeal) "must [be] viewed as showing that anul[sic] intercourse did occur."

Appellant and his co-defendant were tried together at a bench trial and convicted and sentenced to not less than one nor more than ten years under the Minor's Statute.

Appellant timely filed his motion to correct errors in which he charged:

1. That the court committed an error of law occurring at and properly raised in the trial in that it overruled defendant's motion for acquittal at the end of State's evidence.

2. That the decision of the court is not supported by sufficient evidence upon all necessary elements of the charge.

Under Ind. Rules of Procedure, Appellate Rule 8.3(A)(7), we shall treat the two specifications together as one in this opinion.

At the close of the State's evidence and at the close of all the evidence appellant moved the court for a discharge, contending that a prima facie case had not been made by the State against him for the reason that the State had failed to prove the fact that the assaulted youth was a human being. He further claimed that the court took judicial notice of the fact that the prosecuting witness was a human being after the motion was first filed but prior to the overruling of said motion. (The motion was again overruled at the close of all the evidence.)

It is a question for the trier of the facts to determine from

all the evidence adduced at trial by the State in its case in chief whether the State proved the acts of the appellant were sufficient to establish by proof beyond a reasonable doubt that appellant committed the abominable and detestable crime against nature with mankind or beast.

We find no merit in appellant's contention that the court took judicial notice that the prosecuting witness was a human being only after the State rested its case.

The court did respond before ruling on the motion that it would take judicial notice that the victim, who had testified, was a human being.

There was evidence in the case in chief that sodomy was committed on the prosecuting witness by the appellant and also by another; that his clothes were ripped off by fellow inmates; and that he was a prisoner at the Marion County Jail. It is common knowledge that prisoners confined therein are human beings and not beasts. The court had the opportunity to observe the prosecuting witness, to observe his looks, his clothing, his demeanor, hear him talk when he took the witness stand in the case in chief. The court knew that beasts were not confined in the Marion County Jail, but it was only a place for confinement of human beings; he also knew that animals in their native state do not wear clothing and above all, that animals could not talk. Therefore, the only reasonable conclusion to be reached by this court is that the court recognized and knew the prosecuting witness was a human being during the introduction of the evidence of the case in chief.

In the case of *Sumpter* v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95, our Supreme Court held that there is ample reason to exercise judicial notice in determining whether a person was a human being.

The word "mankind" as used in IC 1971, 35-1-89-1, Ind. Ann. Stat. § 10-4221 (Burns 1956 Repl.) is all inclusive of both male and female human beings.

We further determine that appellant's contention that the court cannot take judicial notice of some item unless it is asked to do so by one of the parties is incorrect.

In *United States* v. *Harris* (1964, C.A. 6th) 331 F.2d 600, 601, the court, in passing on matters of which it could take judicial notice, had this to say:

"Nor is it necessary that the Court be requested to take judicial notice of a fact before it is authorized to do so. The Court may take judicial notice sua sponte. . . ."

We are unable to agree with appellant's contention that the record is totally void of any evidence of an "abominable and detestable crime against nature." The fact that the crime charged here and the facts of the appellant perpetrated on the prosecuting witness under the crime charged do within themselves constitute an abominable and detestable crime against nature.

It is our opinion there was sufficient evidence to sustain the conviction.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.