ATTORNEYS FOR APPELLANT
Roberta L. Ross
Mark Small
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Cynthia P. Helfrich
Brownsburg, Indiana

In the

# Indiana Supreme Court

_____

No. 32S04-0707-CV-283

MICHAEL M. CUBEL,

*Appellant (Defendant Below),*

v.

DEBRA A. CUBEL,

*Appellee (Plaintiff Below).*

_____

Appeal from the Hendricks Superior Court, No. 32D02-0409-DR-133
The Honorable David H. Coleman, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 32A04-0605-CV-268

_____

**November 29, 2007**

**Shepard, Chief Justice.**

The legislature has authorized trial courts to enter orders providing parental assistance for college students, and it has indicated that such orders may extend beyond age twenty-one, the general cut-off for child support obligations. Appellant Michael Cubel argues that such post-secondary educational orders may not include medical expenses for the student. We hold that the Indiana Code authorizes orders covering these expenses.

## Facts and Procedural History

Appellant Michael Cubel and appellee Debra Cubel were married on November 19, 1988. The couple had one child, Brittany, born on August 26, 1986. On August 2, 2004, Debra petitioned for separation. On March 16, 2005, she moved to convert her petition, asking for dissolution of marriage.

Final hearing was held on November 4 and December 16, 2005. At that time, Brittany was living with Debra. Debra testified that Brittany intended to transfer from her current school, the University of Southern Indiana, and attend Ivy Tech State College. She also testified Brittany would live at Debra's home and work part-time at a local restaurant. The trial court's final decree directed Michael to maintain medical coverage for Brittany until age twenty-three. As for college attendance, it directed Brittany to apply for all available grants, and it directed the parents to pay the remaining educational expenses roughly in proportion to their respective incomes.

On appeal, Michael has argued that the trial court erred respecting Brittany's medical insurance and has raised a number of other claims. The Court of Appeals generally affirmed. It reversed and remanded on the issue of Brittany's ability to contribute to her college expenses. Cubel v. Cubel, 866 N.E.2d 402 (Ind. Ct. App. 2007). We granted transfer.[1]

## Medical, Dental, and Optical Insurance

A parent's obligations to pay child support and provide medical coverage typically terminate when the child reaches twenty-one years of age. See Ind. Code Ann. § 31-16-6-4(a)

---

[1] On appeal, Michael also argued that the trial court erred by not including a child support worksheet in its order, did not properly consider Brittany's ability to contribute to her college expenses, and wrongly declared his contributions during the pendency of the case as spousal maintenance. (Appellant's Br. at 6-20.) We summarily affirm the disposition of these issues as made by the Court of Appeals. Ind. Appellate Rule 58(A).

(West 2007). Under Ind. Code § 31-16-6-6(a)(1), a court may order payment for post-secondary educational costs continuing past the time the child reaches age twenty-one. Martin v. Martin, 495 N.E.2d 523 (Ind. 1986). Determinations of child support obligations are within the trial court's discretion and will not be set aside unless they are clearly erroneous. Lea v. Lea, 691 N.E.2d 1214 (Ind. 1998).

In this case, the trial court ordered Michael "to maintain medical, dental and optical insurance coverage for Brittany until such time as she is twenty-three years of age or otherwise emancipated." (App. at 20.) Michael asserts that his obligation to maintain insurance coverage on Brittany should not extend beyond her twenty-first birthday, arguing that insurance coverage and payment of health care should not be included as educational expenses, but rather should be considered child support, terminable at age twenty-one. He cites Sebastian v. Sebastian, 798 N.E.2d 224 (Ind. Ct. App. 2003), as authority for this proposition. (Appellant's Br. at 7.) An earlier decision of our Court of Appeals, Schueneman v. Schueneman, 591 N.E.2d 603 (Ind. Ct. App. 1992), apparently conflicts.

In Sebastian, the Court of Appeals held that health insurance is "in the nature of support and not in the nature of educational expenses." 798 N.E.2d at 230. The court went on to say that "[a]ny medical and dental expenses are part of support and terminate at age twenty-one." Id. Conversely, in Schueneman, the Court of Appeals stated that "an order to pay college expenses is a 'support order' and the court has specific statutory authority to include—where appropriate—insurance coverage in its order." 591 N.E.2d at 612. The court in Schueneman held that it was within a trial court's discretion to include payments for health insurance in a post-secondary educational order, even if such payments continue beyond the child's twenty-first birthday. Id.

In this case, we are asked to determine whether the General Assembly intended the child support statutes to include insurance coverage for children during college, in accordance with the Schueneman holding, or whether it did not intend to provide for a child's health care costs beyond age twenty-one regardless of whether the child is attending college, in accordance with the Sebastian holding.

The best evidence of legislative intent is the language of the statute itself, and the words in a statute must be given their plain and ordinary meaning unless otherwise indicated by the statute. Hendrix v. State, 759 N.E.2d 1045, 1047 (Ind. 2001). The statute should be examined as a whole, avoiding both excessive reliance on strict literal meaning and selective reading of individual words. Sales v. State, 723 N.E.2d 416 (Ind. 2000). The Court presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals. B.K.C. v. State, 781 N.E.2d 1157 (Ind. Ct. App. 2003).

Many colleges in the United States include health insurance premiums as a mandatory part of semester tuition charges. This common practice may explain why the legislature did not address health insurance costs for college students in greater detail. The child support statutes' underlying goal is, however, to authorize support for dependent children up to and during college. The cost of tuition is just one of many factors which may be considered in assessing the amount of support needed to provide an adequate education for a child. Giselbach v. Giselbach, 481 N.E.2d 131 (Ind. Ct. App. 1985). Trial courts have considerable latitude in tailoring an educational support order to the needs of the particular child, including the need for health insurance. Id. at 133-34.

Nothing about the history of the educational support statute suggests that the legislature intended to terminate a child's medical insurance because the child elected to attend college. In fact, Ind. Code § 31-16-6-2(a)(2) provides that educational support orders may include "special medical, hospital, or dental expenses necessary to serve the best interests of the child." We do not interpret the inclusion of the word "special" as a constraint on the court's authority to order payment for medical insurance while a child is attending college. If we interpreted the inclusion of the word "special" to preclude the trial court from including health insurance in an educational support order, many full-time college students would be unable to obtain or afford medical insurance. Our interpretation is further enforced by the practices of the insurance industry that commonly permit a child to remain on a parent's health insurance plan until the time he or she finishes college.

4

To the extent there is a conflict in the case law, we hold that a post-secondary educational order may include medical, dental, and optical insurance costs, as well as other health care costs, where the court finds such costs appropriate. As with all payments in post-secondary educational orders, payment of insurance and health care costs must be contingent upon the child remaining enrolled in a post-secondary educational institution. When fashioning the order, the court must consider the child's aptitude and ability, the child's reasonable ability to contribute to such expenses, and the ability of each parent to meet these expenses. See Ind. Code Ann. § 31-16-6-2(a)(1) (West 2007).

In this case, the trial court's order that Michael pay for Brittany's insurance is not expressly contingent upon Brittany remaining enrolled in a post-secondary educational institution. Under the court's current order, Brittany could theoretically finish or drop-out of college after reaching twenty-one years, and Michael would still be obligated to provide her with insurance until she reaches age twenty-three. Accordingly, the court's order should be modified so as to make Michael's obligation to provide insurance and other health care costs beyond Brittany's twenty-first birthday contingent upon Brittany remaining enrolled in post-secondary education. In fashioning its order, the trial court must also take into account Brittany's aptitude and ability, her reasonable ability to contribute to such expenses, and the ability of each parent to meet these expenses. The Court of Appeals directed a remand for this purpose of examining Brittany's ability to contribute toward her educational expenses, and Debra Cubel does not dispute the propriety of this directive.

**Conclusion**

Thus, we affirm the trial court, except for remanding so that the court can consider Brittany's ability to contribute to her post-secondary education and directing that it integrate any post-twenty-one medical coverage provisions into the part of the decree covering educational expenses.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.

5