# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**PATRICK J. ROBERTS**
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID A. TURNER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1208-DR-704 |
| | ) | |
| DEBBIE L. TURNER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, III, Judge
Cause No. 85C01-9811-DR-494

**February 28, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

David L. Turner ("Father") appeals the trial court's post-dissolution order denying his petition—which he filed based upon the legislature's July 1, 2012 amendment to Indiana Code § 31-16-6-6—to terminate child support for his nineteen-year-old child.

We reverse and remand.

## ISSUE

Whether the trial court abused its discretion by determining that its previous dissolution decree trumped the statute regarding termination of child support.

## FACTS

Father and Debbie Turner ("Mother") were married in 1989. They had one child, Cody ("Son"), who was born in March 1993. In November 1998, Father filed a petition for dissolution. The trial court held a final dissolution hearing on July 24, 2000. On August 14, 2000, the trial court issued a final dissolution decree,[1] which provided the following in regard to support for the parties' then seven-year-old Son:

> 3. Effective the 28th day of July, 2000, the *husband shall pay to the Clerk of the Wabash Circuit Court as and for the support of the minor child of the parties the sum of $144.00 Dollars per week until the child reaches 21 years of age, or is married, leaves home or is emancipated.* The husband shall pay annual support docket fees on or before the 1st day of February each year. The Court basis [sic] the support upon the child support guidelines and the following figures were used in calculating the support: Gross income of husband: $1,154.00 per week; Gross income of wife: $400.00 per week; Childcare expenses: none.

(App. 10) (emphasis added).

---

[1] Father's counsel submitted a Proposed Final Decree of Dissolution prior to the trial court's entry of its dissolution decree, but that proposed dissolution is not part of the record before us. The trial court's decree, however, contains no indication that the parties had entered into a settlement agreement that was approved by the trial court or incorporated into the trial court's decree.

Twelve years later, on July 12, 2012, Father filed a petition to terminate child support for their then nineteen-year-old Son. Father asserted that his obligation to pay child support for Son terminated as a matter of law on July 1, 2012 due to the amendment to Indiana Code § 31-16-6-6, which decreased the age for termination of child support from twenty-one to nineteen years of age. In his petition, Father also asserted that Son was enrolled in college and that his tuition for the 2012-2013 school year was paid in full.

The trial court held a hearing on Father's motion on August 3, 2012. Father appeared with counsel, and Mother appeared pro se. Mother argued that Father should continue to pay support because the dissolution decree specifically stated support would continue until Son reached the age of twenty-one. Father contended that his support should terminate because nineteen was the age set forth in the amended statute for termination of child support. The trial court stated that it would have to determine whether to apply the current law under the amended statute or whether the language of the dissolution decree controlled the termination of child support.

On August 6, 2012, the trial court issued the following order denying Father's petition:

This cause having been before the Court on August 3, 2012, upon [Father's] petition to terminate support. [Father] appeared in person and by counsel. [Mother] appeared in person. The parties agreed this matter involves the interpretation of the Final Decree of Dissolution entered August 14, 2000.

That decree, as regards [to] child support, provides that [Father] shall pay child support "until the child reaches 21 years of age, or is married, leaves home or is emancipated.["]

Effective July 1, 2012, Senate Bill 18 became effective and made changes to Indiana's child support laws. Indiana Code [§] 31-16-6-6 provides that the duty to support a child "ceases when the child becomes nineteen (19) years of age . . . ."

3

> While likely the language in the decree was "boilerplate" and reflected Indiana law as it existed at that time, the language in the decree is controlling. Accordingly, the petition to terminate child support is denied as the child has not yet reached the age of 21. No claim that the child has left home (he attends college but maintains residency with [Mother]), is married or emancipated was made.

(App. 8). Father now appeals.

## DECISION

Father argues that the trial court abused its discretion by denying his petition to terminate child support for nineteen-year-old Son. "Determinations of child support obligations are within the trial court's discretion and will not be set aside unless they are clearly erroneous." *Cubel v. Cubel*, 876 N.E.2d 1117, 1119 (Ind. 2007) (citing *Lea v. Lea*, 691 N.E.2d 1214 (Ind. 1998)).

Before addressing Father's argument, we note that Mother did not file an Appellee's Brief.

> When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes *prima facie* error. This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. Questions of law are still reviewed *de novo,* however.

*Svenstrup v. Svenstrup*, 981 N.E.2d 138, 142-43 (Ind. Ct. App. 2012) (internal citations omitted).

At issue in this appeal is Indiana Code § 31-16-6-6, which "governs the termination of child support and emancipation of a child." *Sexton v. Sexton*, 970 N.E.2d 707, 710 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The purpose of Indiana Code § 31-16-6-6 "'is to require that parents provide protection and support for the welfare of their children *until the*

4

*children reach the specified age* or no longer require such care and support.'" *Hirsch v. Oliver*, 970 N.E.2d 651, 655 (Ind. 2012) (quoting *Dunson v. Dunson*, 769 N.E.2d 1120, 1124 (Ind. 2002)) (emphasis added).

Effective July 1, 2012, the legislature amended Indiana Code § 31-16-6-6, which "change[d] the presumptive age for termination of child support from twenty-one to nineteen[.]" *Sexton*, 970 N.E.2d at 712. The amended version of Indiana Code § 31-16-6-6 provides:

> (a) *The duty to support a child* under this chapter, which does not include support for educational needs, *ceases when the child becomes nineteen (19) years of age* unless any of the following conditions occurs:
>
> > (1) The child is emancipated before becoming nineteen (19) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.
> >
> > (2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.
> >
> > (3) The child:
> >
> > > (A) is at least eighteen (18) years of age;
> > >
> > > (B) has not attended a secondary school or postsecondary educational institution for the prior four (4) months and is not enrolled in a secondary school or postsecondary educational institution; and
> > >
> > > (C) is or is capable of supporting himself or herself through employment.
> >
> > In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting

5

himself or herself, the court may order that support be modified instead of terminated.

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

(1) is on active duty in the United States armed services;

(2) has married; or

(3) is not under the care or control of:

(A) either parent; or

(B) an individual or agency approved by the court;

the court shall find the child emancipated and terminate the child support.

(Emphasis added).

Father contends that the amendment to Indiana Code § 31-16-6-6, which decreased the age for termination of child support from twenty-one to nineteen, controlled the issue of whether his child support should be terminated for his nineteen-year-old Son. [2] We agree.

---

[2] Father's main argument on appeal is that his duty to provide child support for Son should terminate because Son is nineteen, which is the age at which the legislature has determined that child support will cease. In so arguing, however, Father seems to interchangeably use the concepts of termination of child support based on Son's age of nineteen and emancipation based on Son's age of nineteen. For example, Father asserts that his child support should terminate because the amendment to Indiana Code § 31-16-6-6 reduced the age of emancipation from age twenty-one to age nineteen. Father's argument regarding the reduction in the age of emancipation is based on a footnote in our Indiana Supreme Court's opinion in *Hirsch*. In *Hirsch*, our Indiana Supreme Court noted that the amendment to Indiana Code § 31-16-6-6 "change[d] the automatic age of emancipation from twenty-one to nineteen." *Hirsch*, 970 N.E.2d at 655 n.1.

Although Indiana Code § 31-16-6-6 discusses both termination of child support and emancipation, we believe that these concepts are distinct and not interchangeable. Subsection (a) provides that a parent's duty to provide child support will terminate when the child reaches the age of nineteen, unless the child is incapacitated or is otherwise emancipated prior to the age of nineteen. *See* Ind. Code § 31-16-6-6(a). Emancipation, however, is specifically addressed and defined in other subsections of the statute. Additionally, while emancipation ultimately results in a termination of the duty to provide child support, it can occur before the child is nineteen and is an event that results from a specific act of the child. *See Dunson*, 769 N.E.2d at 1125 (emancipation requires a child's initiative and the child's self-support); *see also* BLACK'S LAW DICTIONARY 560 (8th ed. 2004) (defining emancipation as a "surrender and renunciation of the correlative rights and duties concerning the care, custody, and earnings of a child[.]").

The legislature, which sets policy, determined that the age at which a parent is no longer obligated to pay child support should be reduced from twenty-one to nineteen and then amended the law accordingly. *See Skelton v. State*, 90 N.E. 897, 173 Ind. 462 (Ind. 1910) (the legislature determines public policy of the State, and, when it has declared a policy in plain terms, it is the duty of the courts to give it effect). Based on the legislature's amendment, Father filed a petition to terminate child support for Son because Son had reached the age of nineteen. The trial court determined that the language in the dissolution decree—which provided that Father was obligated to pay child support until Son reached the age of twenty-one—trumped the amended statute and concluded that Father was still obligated to pay child support because Son had not yet reached the age of twenty-one.

The trial court acknowledged that the language used in dissolution decree "was 'boilerplate' and reflected Indiana law as it existed at that time" of the entry of dissolution decree in August 2000. (App. 8). Indeed, the language used by the trial court in the decree, which tracks most of the situations that would trigger the termination of child support, makes clear that the trial court took its lead from the legislature and followed the existing law at the time of the decree regarding the duration that Father would be required to pay child support for Son. However, the trial court ignored the changes in the law regarding the termination of child support. The trial court's failure to follow the law as set forth by our legislature was an abuse of discretion.[3] The trial court had no discretion to go outside the law set out in the termination of child support statute and to extend Father's duty to pay child support beyond what is required by the law. Accordingly, we reverse the trial court's denial of Father's petition to

---

[3] Our decision in this case does not affect the ability of parties to enter into agreements obligating themselves to do more than the law requires. For example, parties may agree to pay more child support than a trial court has authority to order. *Hay v. Hay*, 730 N.E.2d 787 (Ind. Ct. App. 2000).

terminate child support and remand to the trial court to enter an order that grants Father's petition and terminates child support for Son effective July 1, 2012.[4]

Reversed and remanded.[5]

ROBB, C.J., and MAY, J., concur.

---

[4] We emphasize that our opinion applies only to Father's obligation to provide *child* support. We make no comment on his obligation to provide educational support.

[5] We note that the current 2013 session of the General Assembly is seeking to amend Indiana Code § 31-16-6-6; however, the proposed amendments make no change to the subsection providing that the duty to provide child support ceases when the child reaches the age of nineteen. *See* SB 0006, 2013 First Regular Session.