## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 14 2017, 8:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dale W. Arnett
Winchester, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

In the Matter of Tiffany R. Laux:

John R. Laux,
*Appellant,*

v.

Deborah S. Mock (Wilson),
*Appellee.*

March 14, 2017

Court of Appeals Case No.
38A04-1605-JP-1045

Appeal from the Jay Circuit Court

The Honorable Peter Haviza,
Special Judge

Trial Court Cause No.
38C01-9503-JP-13

**May, Judge.**

[1]  John R. Laux ("Father") appeals the trial court's denial of his petition to modify the amount he was ordered to pay toward his daughter's post-secondary educational expenses. Because the evidence and findings support the trial

court's conclusion that "[Father] failed to show a substantial change of circumstances such that the order for educational assistance should be modified[,]" (App. Vol. 2 at 33), we affirm.

# Facts and Procedural History

[2] Father and Deborah S. Mock (Wilson) ("Mother") are the parents of Tiffany R. Laux, who was born July 21, 1995. Tiffany was emancipated on July 21, 2014, ending Father's child support obligation. Mother filed a Petition for College Expenses. On December 10, 2014, the trial court ordered Father to pay $45.00 per week for post-secondary educational expenses, effective September 3, 2014.[1]

[3] On June 17, 2015, Father filed a petition to modify the order for post-secondary educational expenses. On that same day, Mother filed a motion for contempt alleging Father "hasn't attemped [sic] to pay one dime" towards his obligation. (App. Vol. 3 at 9.) On January 25, and February 22, 2016, the court held hearings on Father's petition and Mother's motion. After receiving proposed orders from both parties, the trial court entered findings of fact and conclusions of law on April 18, 2016.

[4] The trial court made several findings. Father was in arrears toward his obligation to pay post-secondary expenses in the sum of $3,025.00. Tiffany was

---

[1] Father unsuccessfully attempted to directly challenge this order. Father's attorney belatedly filed a motion to correct error, which was denied. Father filed an appeal but then, when Father obtained a different attorney, Father dismissed the appeal.

enrolled at Ball State University and maintaining a GPA of 3.499. Tiffany was residing with Mother. Father retired and receives $1,646.00 per month in social security benefits. Mother received "Social Security/Disability income of $770.00 per month." (App. Vol. 2 at 32.) Tiffany received the 21st Century Scholarship, some grants, and has access to student loans. Tiffany was unsuccessful in obtaining Hoosier Healthwise medical coverage.

[5] The trial court concluded health insurance expenses were included in the term "educational expenses," (*id.* at 33), and the "evidence shows a continued and substantial need for educational support for Tiffany Laux [and t]hat [Father] failed to show a substantial change of circumstances such that the order for educational assistance should be modified." (*Id.*) The trial court thus denied Father's petition for modification. The court also found Father in contempt "for willfully failing to pay educational expenses as ordered." (*Id*. at 34.) It ordered Father to pay an additional $20.00 per week toward the arrearage, which was $3,025.00 as of February 22, 2016. Tiffany was ordered to continue to provide to Father, via his attorney, her grades and proof of enrollment as a full time student.

# Discussion and Decision

Father asserts "the trial court erred by declaring [Father] had not shown a substantial change in circumstances."[2] (Appellant's Br. at 13.) In support, Father claims the evidence demonstrates "all of Tiffany's post-secondary educational needs are met," (*id*.), so it is "unreasonable" for him to pay her health insurance costs.[3] (*Id*.)

When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cty. Office of Family & Children,* 839 N.E.2d 143, 147 (Ind. 2005). We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen,* 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the court's decision, we must affirm. *In re L.S.,* 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied, trans. denied, cert. denied* 534 U.S. 1161 (2002).

---

[2] At the outset, we note Mother did not submit an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Fisher v. Bd. of Sch. Trs.*, 514 N.E.2d 626, 628 (Ind. Ct. App. 1986). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson Cty. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct. App. 1985). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct. App. 1986), *reh'g denied, trans. denied*.

[3] At the hearing on the petition to modify, Father testified he retired, which had reduced his income from "approximately five hundred and forty per week," (Tr. January Hearing at 12), to $1,646.00 per month. Although a decrease in income was part of the basis for Father's petition to modify, Father does not, on appeal, assert the trial court erred when finding his decreased income did not "show a substantial change of circumstances." (App. Vol 2 at 33.)

[8]     On December 10, 2014, the court ordered Father to pay $45 per week in post-secondary education expenses because Tiffany needed $41 per week to obtain health insurance coverage. Approximately six months later, Father asked the trial court to modify his obligation to pay post-secondary education expenses. "Orders requiring the payment of college expenses are modifiable because college expenses are in the nature of child support." *Borum v. Owens*, 852 N.E.2d 966, 969 (Ind. Ct. App. 2006). Such a "modification may be made only . . . upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Ind. Code § 31-16-8-1. However, appellate courts give "considerable deference to the findings of the trial court in family law matters, including findings of 'changed circumstances' within the meaning of Indiana Code section 31-16-8-1." *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005).

[9]     The trial court denied Father's petition, and thus he appeals from a negative judgment. *See Smith v. Dermatology Assocs. of Fort Wayne, P.C.*, 977 N.E.2d 1, 4 (Ind. Ct. App. 2012) ("A judgment entered against a party who bore the burden of proof at trial is a negative judgment."). To obtain reversal of the trial court's decision, Father must establish "the judgment is contrary to law." *Khaja v. Khan*, 902 N.E.2d 857, 866 (Ind. Ct. App. 2009), *reh'g denied*. Based on our review of the record, Father cannot meet that burden.

[10]    Father argues "Tiffany's post-secondary educational needs were met by 21st Century Scholarship and other grants so there was no longer a need to [sic] for an order for post-secondary educational expenses." (Appellant's Br. at 9)

(formatting removed). While Tiffany may have had scholarships and grants that cover her expenses at a post-secondary educational institution, our legislature has declared that orders for post-secondary educational expenses may include:

> (1) amounts for the child's education in elementary and secondary schools and at postsecondary educational institutions, taking into account:
>
>> (A) the child's aptitude and ability;
>> (B) the child's reasonable ability to contribute to educational expenses through:
>>
>>> (i) work;
>>> (ii) obtaining loans; and
>>> (iii) obtaining other sources of financial aid reasonably available to the child and each parent; and
>>
>> (C) the ability of each parent to meet these expenses;
>
> (2) special medical, hospital, or dental expenses necessary to serve the best interests of the child; . . .

Ind. Code § 31-16-6-2. *See also Cubel v. Cubel*, 876 N.E.2d 1117, 1120 (Ind. 2007) ("a post-secondary educational order may include medical, dental, and optical insurance costs, as well as other health care costs, where the court finds such costs appropriate"). Thus, the trial court had authority to order Father to pay for health insurance in a post-secondary education order.

Father also takes issue with the fact that he was ordered to continue paying for Tiffany's health insurance when Tiffany qualifies for Hoosier Healthwise. The trial court found:

> 22. Tiffany Laux previously tried to obtain Hoosier Healthwise medical coverage, but was denied; she is again attempting to obtain coverage through Hoosier Healthwise.
>
> 23. Tiffany Laux has been without health insurance coverage for approximately one and one-half years.

(App. Vol. 2 at 32.) Tiffany had tried to obtain Hoosier Healthwise but, contrary to Father's assertion that she qualifies for it, the program administrators "kept telling [her] that [she] didn't fit into it[.]" (Tr. February Hearing at 45.) As the record supports the court's finding Tiffany's need for health insurance has not changed, Father has not demonstrated the trial court erred in concluding Father "failed to show a substantial change of circumstances such that the order for educational assistance should be modified." (App. Vol. 2 at 33.)

# Conclusion

As Father has not demonstrated error in the trial court's concluding no substantial change in circumstances existed to justify modifying Father's obligation, we affirm.

Affirmed.

Najam, J., and Bailey, J., concur.