

FILED

Jul 05 2018, 5:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dan J. May
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jill (Kaiser) McKibben, | July 5, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 18A-DR-687 |
| v. | Appeal from the Tipton Circuit Court |
| William Kaiser, | The Honorable Thomas R. Lett, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 80C01-9812-DR-309 |

**Najam, Judge.**

## Statement of the Case

[1] Jill McKibben ("Wife") appeals the trial court's order denying her request for post-judgment interest on child support arrearage that William Kaiser ("Husband") owes to her. Wife raises one issue for our review, namely, whether the trial court erred as a matter of law when it failed to award her post-judgment interest pursuant to Indiana Code Section 24-4.6-1-101.

We reverse and remand with instructions.

## Facts and Procedural History

Wife and Husband have two children together.[1] On December 7, 2011, the trial court issued an order in which it found that Husband owed Wife $7,677.19 in child support arrearage. On November 26, 2012, the trial court terminated Husband's support obligation for both children, retroactive to July 11, 2012, but found that Husband was still $7,056.40 in arrears. Husband made one payment of $175 on November 18, 2013, which left a balance due to Wife in the amount of $6,881.40.

On October 5, 2017, Wife filed a motion for enforcement of child support. In that motion, Wife requested that the trial court make a finding as to the amount of the arrearage and to assess interest in the amount of one and one-half percent per month. On January 26, 2018, following an evidentiary hearing,[2] the trial court found that Husband owes Wife $6,881.40 in child support arrearage. But the trial court denied Wife's request for interest citing the fact that the children are emancipated and that Wife had waited five years to attempt to collect the arrearage. Wife then filed a motion to correct error, which the trial court denied. This appeal ensued.

---

[1] The record on appeal does not provide us with any information regarding when the parties married, when they dissolved their marriage, or the amount Husband was initially required to pay in child support.

[2] Wife has not provided a copy of the transcript of the hearing on appeal.

# Discussion and Decision

[5] Wife contends that the trial court erred when it failed to award her post-judgment interest.[3] Initially, we note that Husband did not file an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. We are under no obligation to undertake the burden of developing an argument for the appellee. We may, therefore, reverse the trial court if the appellant establishes prima facie error. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it."

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006) (citations omitted).

[6] Wife specifically contends that the trial court erred when it failed to award her post-judgment interest on Husband's child support arrearage pursuant to Indiana Code Section 24-4.6-1-101. We agree. Indiana Code Section 24-4.6-1-101 provides that, except as otherwise provided by statute, "interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at . . . an annual rate of eight percent (8%) if there was no contract by the parties."

---

[3] Wife also sought interest in the amount of one and one-half percent pursuant to Indiana Code Section 31-16-12-2, which provides that a trial court "may" order interest charges of up to one and one-half percent per month to be paid on delinquent child support. The trial court denied Wife's request for discretionary interest, but Wife does not appeal that part of the trial court's order.

[7] This court previously addressed the issue of post-judgment interest awards on child support arrearages in *Caldwell v. Black*, 727 N.E.2d 1097 (Ind. Ct. App. 2000). In that case, Caldwell sought post-judgment interest on the child support arrearage that Black owed to her. This court stated that "post-judgment interest is statutorily mandated for money judgments" and Indiana Code Section 24-4.6-1-101 "provides post-judgment interest . . . following a judicial determination of arrearage without the necessity of a specific request for interest." *Id.* at 1100. Based on that statute, this court held that Caldwell, "as a judgment creditor," was "entitled to the general post-judgment interest rate, currently eight percent per year, as provided in" Indiana Code Section 24-4.6-1-101. *Id.*

[8] Here, on December 7, 2011, the trial court issued an order in which it found that Husband owed Wife $7,677.19 in child support arrearage. And on January 26, 2018, the trial court found that Husband still owes Wife $6,881.40. Therefore, like in *Caldwell*, Wife is a judgment creditor and she is entitled by operation of law to the general post-judgment interest rate. Accordingly, we reverse the trial court's order and remand for a calculation of the deficiency to include interest at the statutory rate of eight percent from the date of the judicial determination of arrearage. *See id.*

[9] Reversed and remanded with instructions.

Robb, J., and Altice, J., concur.