FILED

Dec 10 2018, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Daniel J. Zlatic
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cathy Lynn Baker, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Douglas L. Grout, <br> *Appellee-Respondent.* | December 10, 2018 <br><br> Court of Appeals Case No. <br> 18A-DR-1572 <br><br> Appeal from the <br> Hamilton Superior Court <br><br> The Honorable <br> Jonathan M. Brown, Judge <br><br> Trial Court Cause No. <br> 29D02-0410-DR-913 |

**Kirsch, Judge.**

[1]     Cathy Lynn Baker ("Mother") appeals the trial court's order denying her petition for emancipation, termination of child support, and termination of income withholding. She raises two issues, of which we find the following dispositive: whether the trial court abused its discretion when it denied her petition to terminate child support.

We reverse and remand.

## Facts and Procedural History

Mother and Douglas L. Grout ("Father") were married, and their marriage was dissolved by a decree of dissolution in 2008. Mother and Father are the parents of one son, Nicholas Grout ("Nicholas"), who was born on July 13, 1999. Since February 8, 2016, Mother was ordered to pay child support for Nicholas in the amount of $133 per week. *Appellant's App. Vol. II* at 19. On June 13, 2018, Mother filed a "Verified Petition for Emancipation, Termination of Child Support, and Termination of Income Withholding Order," requesting that her child support be terminated on July 13, 2018 when Nicholas turned nineteen. *Id*. at 39-40.

A hearing was held on June 28, 2018, and the following evidence was presented. Nicholas would turn nineteen years old on July 13, 2018. *Tr. Vol. II* at 6. Nicholas had no disabilities of any sort. *Id*. Nicholas had been approved for a "Century 21 Scholarship Fund" ("the Scholarship") that would pay for four years of schooling at any school of his choice within the state of Indiana. *Id*. at 7. Nicholas was planning to attend Indiana University-Purdue University at Indianapolis ("IUPUI"), starting as a freshman in August of 2018. *Id*. at 7, 8, 11. Nicholas did not have to take out any loans for college. *Id*. at 12. The evidence presented showed that the Scholarship, along with grants, covered Nicholas's cost of attending IUPUI for a student living at home. *Resp't's Exs*. A, B. Nicholas planned to live at Father's home while attending IUPUI. *Tr. Vol.*

*II* at 13. Father testified that he was not asking for Mother to contribute to educational expenses if everything was being paid through grants and scholarships. *Id*. at 14. Mother testified that Nicholas qualified for four years of the Scholarship and that the Scholarship was not dependent on his grades, and he is entitled to the grants as long as he does not "flunk out" (less than a 1.0 G.P.A.) of school. *Id*. at 7, 16-17.

[5] At the conclusion of the hearing, the trial court denied Mother's petition and ordered her to continue to pay child support for Nicholas. *Id*. at 18-19; *Appellant's App. Vol. II* at 19-21. In its order denying Mother's petition, the trial court ordered Mother to pay child support beginning on August 17, 2018 in the amount of $52 per week and did not state when Mother's payment of child support would cease. *Appellant's App. Vol. II* at 19-21. Mother now appeals.

## Discussion and Decision

[6] Mother argues that the trial court abused its discretion when it denied her petition to terminate child support. Determinations of child support obligations are within the trial court's discretion and will not be set aside unless they are clearly erroneous. *Turner v. Turner*, 983 N.E.2d 643, 646 (Ind. Ct. App. 2013) (citing *Cubel v. Cubel,* 876 N.E.2d 1117, 1119 (Ind. 2007)).

[7] Initially, we note that Father did not file an appellee's brief. When an appellee fails to file a brief, we apply a less stringent standard of review. *McKibben v. Kaiser*, 106 N.E.3d 529, 530 (Ind. Ct. App. 2018). We are under no obligation to undertake the burden of developing an argument for the appellee. *Id*.

Therefore, we may reverse the trial court if the appellant establishes prima facie error, which is error "at first sight, on first appearance, or on the face of it." *Id.*

[8] Under Indiana Code section 31-16-6-6,

> (a) The duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age unless any of the following conditions occurs:
>
> (1) The child is emancipated before becoming nineteen (19) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.
>
> (2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.
>
> (3) The child:
>
> (A) is at least eighteen (18) years of age;
>
> (B) has not attended a secondary school or postsecondary educational institution for the prior four (4) months and is not enrolled in a secondary school or postsecondary educational institution; and
>
> (C) is or is capable of supporting himself or herself through employment.
>
> In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However,

if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

Ind. Code § 31-16-6-6(a). The purpose of Indiana Code section 31-16-6-6 "'is to require that parents provide protection and support for the welfare of their children *until the children reach the specified age* or no longer require such care and support.'" *Hirsch v. Oliver,* 970 N.E.2d 651, 655 (Ind. 2012) (quoting *Dunson v. Dunson,* 769 N.E.2d 1120, 1124 (Ind. 2002)) (emphasis added).

[9] Exercising its prerogative to set policy, the legislature determined that the age at which a parent is no longer obligated to pay child support is nineteen. *See Turner*, 983 N.E.2d at 647-48 (citing *Skelton v. State,* 90 N.E. 897, 173 Ind. 462 (Ind. 1910) (the legislature determines public policy of the State, and, when it has declared a policy in plain terms, it is the duty of the courts to give it effect)). In *Turner*, this court found that a trial court abused its discretion when it failed to follow the law and find that child support was terminated at age nineteen. 983 N.E.2d at 648. In that case, the parties' dissolution decree stated that the father would pay child support for the child until the age of twenty-one, which was the statutory age at which child support terminated at the time the decree was issued. *Id*. at 645. The legislature amended the statute to change the age at which child support terminated to nineteen, and the father filed a petition to terminate child support as the child had reached the age of nineteen. *Id*. The trial court denied the father's petition and found the language in the decree controlling. *Id*. at 646. This court reversed and, noting that the language in the

dissolution decree was boilerplate and followed the existing law at the time it was issued, held that the trial court abused its discretion when it denied the father's petition to terminate child support because the trial court did not have discretion to extend the father's duty to pay child support beyond what was required by the amended statute. *Id*. at 648.

[10]  Here, there was no evidence that the parties' dissolution decree contained language requiring Mother to pay child support for Nicholas until the age of twenty-one. Instead, Mother petitioned the trial court to relieve her of the requirement to pay child support when Nicholas turned nineteen pursuant to Indiana Code section 31-16-6-6, which was the applicable law. The evidence showed that Nicholas turned nineteen on July 13, 2018 and that none of the exceptions contained in section 31-16-6-6 applied to him. We, therefore, conclude as in *Turner*, that the trial court did not have the discretion to go outside the parameters of the termination of child support statute and to extend Mother's requirement to pay child support beyond what is required by law.[1]

---

[1] We emphasize that our opinion applies only to Mother's obligation to provide *child* support. We make no comment on her obligation to provide educational support if Nicholas's circumstances change in the future. We note that, according to Indiana Child Support Guideline 8(b), appropriate educational expenses can include "tuition, books, lab fees, course related supplies, and student activity fees. Room and board may be included when the child does not reside with either parent." Additionally, "'[a] post-secondary educational order may include medical, dental, and optical insurance costs, as well as other health care costs, where the court finds such costs appropriate.'" *Myers v. Myers*, 80 N.E.3d 932, 937 (Ind. Ct. App. 2017) (quoting *Cubel v. Cubel*, 876 N.E.2d 1117, 1120-21 (Ind. 2007)). "Other appropriate extraordinary educational expenses that have been taken into account by courts in the past are transportation, car insurance, clothing, entertainment and incidental expenses." *Id*. (citing *Snow v. Rincker*, 823 N.E.2d 1234, 1240 (Ind. Ct. App. 2005)). At the time of the hearing, the evidence presented showed that Nicholas's room and board, transportation, books and supplies, as well as tuition and fees were covered by grants and scholarships.

[11]     Not only has Mother shown prima facie error, we also conclude that she has shown that the trial court abused its discretion when it denied her petition to terminate child support. We, therefore, reverse the trial court's denial of Mother's petition to terminate child support and remand to the trial court to enter an order that grants Mother's petition and terminates child support effective July 13, 2018 and that orders the repayment of all child support paid by Mother since that date.

[12]     Reversed and remanded.

Vaidik, C.J., and Riley, J., concur.