# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 04 2019, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sarah Trostle
Eimerman Law
Zionsville, Indiana

APPELLEE PRO SE

Joseph Entezari
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

In Re: The Marriage of:

Mandana Khatibi-Entezari,

*Appellant-Petitioner,*

v.

Joseph Entezari,

*Appellee-Respondent.*

March 4, 2019

Court of Appeals Case No.
18A-DR-1748

Appeal from the Hamilton
Superior Court

The Honorable Jonathan M.
Brown, Judge

The Honorable William P.
Greenaway, Magistrate

Trial Court Cause No.
29D02-0807-DR-851

**Najam, Judge.**

# Statement of the Case

Mandana Khatibi-Entezari ("Mother") appeals the trial court's modification of child support in favor of Joseph Entezari ("Father"). Mother raises five issues for our review, which we restate as follows:

1. Whether the trial court erred when it found that Father had overpaid his child-support obligations.

2. Whether the trial court erred when it concluded that the original child-support order was not an in gross order.

3. Whether the trial court erred when it found that Father had paid $5,640 in child support directly to Mother rather than through the clerk of the court.

4. Whether the trial court erred when it made a downward adjustment to Father's income.

5. Whether the trial court erred when it found that Father had satisfied his obligation to pay to Mother one-half of their accounts.

We affirm.

# Facts and Procedural History

Mother and Father were married in January of 1985 and had three children during their marriage, S.E., A.E., and J.E. In 2008, Mother filed her petition for the dissolution of the marriage. In April of 2010, the parties entered into a settlement agreement in the dissolution action, which the trial court adopted in

its ensuing decree of dissolution. At that time, S.E. had already been emancipated, A.E. was seventeen years old, and J.E. was seven years old.

[4] The settlement agreement provided in relevant part as follows:

> 6. SUPPORT. [Father] shall pay to [Mother], through the office of the Clerk of this Court, a sum to be agreed upon or determined by the Court for the support and maintenance of [A.E. and J.E.] . . . It is agreed that child support shall be determined as if [Father] is paying child support for two (2) children and a separate calculation shall be made on the assumption that [Father] is paying child support for (1) child. In those weeks when [A.E.] is with [Father] for a full week, [Father] shall pay support to [Mother] on . . . the calculation made for one (1) child. In those weeks where [A.E.] and [J.E.] are both physically with [Mother,] [Father] shall pay support to [Mother] on . . . the calculation made for two (2) children. It is agreed that support may be paid directly to [Mother] by [Father] . . . , it being the responsibility of [Father] to keep receipts to show what support has been paid. . . .
>
> * * *
>
> 20. BANK ACCOUNTS. [Father] shall pay to [Mother], within ninety (90) days of the date of this agreement, an amount equal to one[-]half of the balance existing in the savings account, checking account, and any other bank account as of April 28, 2010. . . .

Appellant's App. Vol. 2 at 16, 21 (emphases removed).

[5] Attached to the settlement agreement were two child-support worksheets, one based on support for both A.E. and J.E. and one based on support for only J.E.

On both worksheets, the parties agreed that Father had a weekly income of $1,200 and Mother had a weekly income of $290. In its decree, the trial court accepted the alternating support obligations in accordance with the settlement agreement and the attached worksheets. In 2017, Mother filed a motion to show cause in which she alleged that Father had accumulated a child-support arrearage and had failed to pay on other obligations pursuant to the decree and settlement agreement. Father, in turn, moved to modify his child-support obligation.

[6] The trial court held an evidentiary hearing on the competing motions, at which both Mother and Father testified before the court. In his testimony, Father stated that he had ceased paying child support for A.E. in January of 2013, after A.E. had turned twenty-years old, because A.E. had been emancipated as a matter of law. He also testified that he had paid $5,640 in child support directly to Mother rather than through the clerk of the trial court. He further testified that his current income was about half of what it was at the time of the settlement agreement, which testimony he supported with his tax returns, and he agreed with Mother's corresponding testimony that her income was about double what it was at the time of the settlement agreement. And he testified that there were no accounts in existence on April 28, 2010, for him to split with Mother pursuant to paragraph 20 of the settlement agreement.

[7] Thereafter, the trial court entered its order denying Mother's motion to show cause and granting Father's motion to modify child support. In its order, the trial court found as follows:

6. [A.E.] was emancipated as a matter of law on July 1, 2012.

7. Thereafter, on January 11, 2013, [Father] began to pay the amount specifically designated for [J.E.] only . . . .

8. There were also child support payments made by [Father] directly to [Mother] in the amount of $5,640.00, as allowable by the Decree and Settlement Agreement.

9. The parties' child support order was not an in gross, indivisible support order due to the alternat[ing] provision, the designation of amounts per child, and the two separate child support worksheets.

10. No child support arrearage exists, and an overpayment resulted.

11. The total overpayment of $[8.742.65][1] . . . shall be reflected as a credit to [Father] against future child support payments.

* * *

15. There has been no evidence on which the Court can rely to establish the amount of the bank accounts on . . . April 28, 2010. . . .

16. [Father] has fully satisfied his obligation regarding payment of half the balance of any bank accounts to [Mother] . . . .

---

[1] The exact amount of Father's overpayment is based on a subsequent trial court order in which the court clarified this amount.

Appellant's App. Vol. 2 at 43-45 (citations omitted). This appeal ensued.

# Discussion and Decision

## *Standard of Review*

Mother appeals the trial court's modification order. The court's modification order includes findings of fact and conclusions thereon following an evidentiary hearing before the court. We review such judgments under our clearly erroneous standard of review. *Bogner v. Bogner*, 29 N.E.3d 733, 738 (Ind. 2015);[2] *see also Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1206 n.6 (Ind. Ct. App. 2014) (stating that "our usual review . . . when the trial court is in the unique position of determining the . . . facts" is for "clear error"), *trans. denied*. Under that standard, we engage in a two-tiered review: first, we "determine whether the evidence supports the findings" and, second, we determine "whether the findings support the judgment." *K.E. v. Ind. Dep't of Child Servs.*, 39 N.E.3d 641, 646 (Ind. 2015). We consider "[o]nly the evidence and reasonable inferences that are favorable to the judgment." *Id.*

## *Issue One: Father's Overpayment*

Mother asserts that the trial court erred when it found that Father had overpaid his child support for three reasons. First, Mother asserts that Indiana Code

---

[2] In her brief on appeal, Mother asserts that our review of the modification order is for an abuse of discretion. But, as our Supreme Court reiterated in *Bogner*: "This Court has clarified that clear error, and not abuse of discretion, is the proper standard of review for support modifications." 29 N.E.3d at 738 n.2 (citing *McGinley-Ellis v. Ellis*, 638 N.E.2d 1249, 1251-52 (Ind. 1994)).

Section 31-16-6-6 (2018), which declares that "[t]he duty to support a child under this chapter . . . ceases when the child becomes nineteen (19) years of age," does not apply to A.E. because that statutory language became effective on July 1, 2012, after the entry of the decree of dissolution. At the time the court entered the decree of dissolution, the age of emancipation was twenty-one years old. *See* I.C. § 31-16-6-6(a) (2010).

[10] This Court has repeatedly rejected arguments such as Mother's. In *Turner v. Turner*, for example, we held that the trial court erred when it "determined that the language in the dissolution decree—which provided that [the parent] was obligated to pay child support until [the child] reached the age of twenty-one— trumped the amended statute . . . ." 983 N.E.2d 643, 648 (Ind. Ct. App. 2013). And we held that "[t]he trial court had no discretion to go outside the law set out in the termination of child support statute and to extend [the parent's] duty to pay child support beyond what is required by law." *Id.*; *see also Baker v. Grout*, ___ N.E.3d ___, No. 18A-DR-1572, 2018 WL 6441628, at *2-3 (Ind. Ct. App. Dec. 10, 2018) (holding that, "[n]ot only has [the parent] shown prima facie error, we also conclude that she has shown that the trial court abused its discretion when it denied her petition to terminate child support" on facts similar to those in *Turner*). For the same reasons, we reject Mother's argument here.

[11] Second, Mother argues that the trial court erred in calculating Father's overpayment of child support because the court "continued to give credit to Father for overnights that he admitted he had not exercised." Appellant's Br. at

12.  Mother's argument here appears to be that the court erred in not reducing the overpayment for times Father would have had custody of J.E., but nothing in the decree of dissolution allowed Father to reduce his weekly child-support payment for J.E. based on Father's exercise of parenting time.  And the modification order is based on evidence that shows Father's actual payments to Mother and his weekly support for J.E. in accordance with the settlement agreement.  Thus, we reject this argument.

[12]  Third, Mother asserts that the trial court erred both when it calculated Father's current income and when it did not find that Father owes a child-support arrearage.  Mother's argument here is contrary to our standard of review.  The trial court's findings on both questions are based on the evidence before it, namely, Father's testimony and his tax returns, and we will not reweigh the evidence on appeal.  We hold that the trial court did not clearly err when it found that Father had an overpayment of child support.

### Issue Two:  In Gross Order

[13]  Mother next argues that the trial court erred when it concluded that the child-support obligation established in the decree of dissolution was not an in gross order.  As we have explained:

> An indivisible, in gross order refers to a situation where a parent is ordered to pay a specified sum of undivided support for more than one child.

> Under this type of order, the parent must pay the total support amount until the support payments are modified by court order or all of the children are emancipated . . . .

*Sterrett v. Hartzell*, 640 N.E.2d 74, 77 (Ind. Ct. App. 1994) (citations omitted).

[14] Mother's five-page long argument on this issue is not well taken. The decree of dissolution was patently not an in gross order for the payment of child support. Rather, as the trial court found, the original child-support order was explicitly divided between payments for both A.E. and J.E. and payments for only J.E. Accordingly, we affirm the trial court's judgment on this issue.

### Issue Three: Father's Payments Directly to Mother

[15] Next, Mother asserts that the trial court erred when it credited $5,640 in child-support payments to Father. According to Mother, Father's child-support payments were made to the clerk of the trial court, and Father's additional payments directly to her were for other expenses.

[16] Again, Mother's argument is not well taken. Although the settlement agreement provided that Father could make child-support payments to the clerk, it also provided that he could make them directly to Mother. And he testified that he did so in the amount of $5,640, which testimony the trial court credited over Mother's testimony and evidence. We cannot say that the trial court erred on this issue.

### Issue Four: Father's Current Income

Mother next asserts that the trial court erred when it found that Father's current income is less now than it was at the time of the decree of dissolution. Insofar as Mother's argument here is different than her argument under Issue One, we note that Mother's argument here is nothing more than a request for this Court to reweigh the evidence that was before the trial court, which we cannot do. The trial court's finding is supported by the evidence before it, and we affirm on this issue.

### Issue Five: Division of Bank Accounts

Finally, Mother argues that the trial court erred when it found that Father had fully satisfied his obligation to pay to Mother one-half of the parties' accounts within ninety days of the entry into the settlement agreement. But the trial court explicitly stated that it did not find Mother's evidence on this question reliable and, instead, the trial court relied on Father's testimony that he had satisfied his obligations. We are in no position to reconsider or reweigh the evidence as Mother argues. We affirm the trial court on this and all other issues.

Affirmed.

Pyle, J., and Altice, J., concur.